HOUSING AUTHORITY OF THE CITY OF WINSTON-SALEM, NORTH
   CAROLINA HOUSING PROJECT N. C. 12-1-A, PETITIONER, v. DAISY T.
   JENKINS, RESPONDENT.

(Filed 2 November, 1955.)

Trial § 49½—

   Whether the verdict should be set aside as excessive rests within the
discretion of the trial court.

APPEAL by petitioner from *Sharp, Special Judge,* May, 1955, Term,
of FORSYTH.

Special proceeding under Public Works Eminent Domain Law.  G.S.
40-30 *et seq.*

The controversy relates solely to the amount to which respondent is
entitled as compensation for the property condemned by petitioner.

Upon trial in the Superior Court, the issue submitted and the jury's
answer were as follows:

"1. What was the fair market value of the real property of the
respondent, Daisy T. Jenkins, described in the Petition, as of Novem-
ber 1, 1954, the date of the taking?   Answer: $4,500.00."

Judgment was entered in accordance with the verdict.  Petitioner
excepted and appealed, assigning errors.

*Blackwell, Blackwell & Canady for petitioner, appellant.*
*Buford T. Henderson for respondent, appellee.*

PER CURIAM.   The evidence, considered in the light most favorable
to respondent, was sufficient to support the verdict; and it was for the
trial court, in its discretion, to determine whether the verdict should
have been set aside as excessive.   This determination was made, ad-
versely to petitioner.   Careful consideration of the remaining assign-
ments fails to disclose any error of law deemed of sufficient prejudicial
effect to warrant a new trial.   Hence, the verdict and judgment will not
be disturbed.

No error.